## Friedenberg v. Mortgage Building and Loan Association. No. 2

*David S. Malis*, for plaintiff; *Joseph H. Sundheim*, for defendant.

SMITH, P. J., March 16, 1932.—A bill in equity was filed in the above-entitled case, and so far proceeded with on preliminary objections that an opinion was filed by this court sustaining the preliminary objections, and the matter was referred to the law side of the court for final disposition [16 D. & C. 247]. The preliminary objections filed were as follows: (1) That the complainant has a full, complete and adequate remedy at law; (2) that the bill shows no right of action in equity; (3) that by reason of plaintiff's laches he has lost his right to maintain the bill.

Plaintiff has now filed his petition, praying that the bill of complaint be amended, the petition setting forth that he does not desire his bill referred to the law side of the court, but is desirous of amending his bill so as to set out additional facts upon which to base his right to relief in equity. A rule to show cause was thereupon granted.

An answer to this rule was filed by the defendant, and the matter is now before us on petition and answer.

Equity Rule No. 49, which reads, inter alia, "If the defendant objects by answer as provided in Rule 48, upon any one or more of the grounds above stated, plaintiff may, within ten days after the filing of such answer, amend as of course in such a way as he may consider necessary to obviate the objec-

tions. If no amendment is made, defendant may rest on his original objections, or if amendments are made and defendant thinks the bill as amended is still open to objection, he may either stand on the objections already filed or supplement them; and, within ten days after expiration of the time for amendments, defendant may order the case upon the argument list for hearing," is the rule applicable to the case at bar when preliminary objections are filed.

The defendant in the preliminary objections having given notice "that the laches of plaintiff have lost him his right to maintain his bill," it was in order for plaintiff, in accordance with said rule, to file an amendment to obviate the objection within ten days. In this plaintiff failed, and to now permit him to amend his bill would deprive the defendant of his rights given under the rules of court. Equity Rules Nos. 56 and 59 do not apply to cases where preliminary objections are filed.

The plaintiff having failed to comply with Rule 49, the rule to show cause why the bill should not be amended should be discharged.

And now, March 16, 1932, the rule of plaintiff to show cause why he should not be permitted to amend his bill of complaint is discharged.